UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

v.   CAUSE NO. 3:21-CV-517 DRL-MGG

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, filed a complaint against thirteen defendants seeking monetary damages for a variety of alleged wrongs. ECF 1. He is suing Warden Ron Neal, Commissioner, Board of Health, Supervisor Tibbiles, Captain Dustain, Captain Itodo, Sergeant Haskell, Sergeant Stovall, Lieutenant Gordon, Lieutenant When, Counselor Todd Marsh, Caseworker Siuda, and Sergeant Allman. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Johnson alleges that he has been subjected to numerous intolerable prison conditions while he has been housed at the Indiana State Prison (ISP). Mr. Johnson first asserts that on April 20, 2021, after Warden Ron Neal approved his transfer to general

population, he was placed in D-West cell 311, which was contaminated with feces on the bars, doors, ceiling, and under the bed. ECF 1 at 15-16. He told Sergeant Stovall he needed cleaning supplies for his cell to remove the feces, but Sergeant Stovall told him there were no available supplies. *Id*. Mr. Johnson then yelled at Sergeant Haskell and Sergeant Stovall for two days, but they would not help him. *Id*. at 16. He continued to be housed in the contaminated cell and was not allowed to shower for ten or eleven days. *Id*.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the law:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Giving Mr. Johnson the benefit of the inferences to which he is entitled at this stage of the proceeding, he has stated a claim against Sergeant Haskell and Sergeant Stovall for knowingly leaving him in a cell contaminated with feces for at least two days beginning on April 20, 2021, in violation of the Eighth Amendment.[1]

Mr. Johnson next alleges that on June 8, 2021, when there was a fire burning on the range and he was having trouble breathing from the smoke, he was denied medical care. ECF 1 at 13-14. He waived a white t-shirt outside of his cell to get medical help and neighboring inmates yelled for help for more than fifteen minutes, but Sergeant Haskell refused to respond or provide him with help. *Id.* at 14. Mr. Johnson says he was later given a medical request slip and told the medical staff was aware of his situation, but he never received treatment. *Id.* He has not had breathing problems or shortness of breath before being subjected to the fires at ISP. *Id.* at 13.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that

---

[1] Mr. Johnson also alleges that on January 15, 2021, after he was given a range tender job, Lieutenant Gordon refused to give him a mop and broom that he needed to do his job. ECF 1 at 4. However, being denied a broom necessary to complete his assigned duties is not an objectively serious enough matter to implicate constitutional concerns.

medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Because Mr. Johnson has not plausibly alleged that Sergeant Haskell knew he needed medical care, his allegations do not amount to deliberate indifference.

The remainder of Mr. Johnson's complaint contains allegations without linking these allegations to any specific date (or even estimated timeframe) and/or defendant.[2] A plaintiff can only be granted leave to proceed on a claim where the complaint contains sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

---

[2] Mr. Johnson states he does not know the dates of the alleged constitutional violations because his legal materials and property were stolen. ECF 1 at 4, 6, 8, 9, 10, 13, 15, 17, 19. He also states he does not know the names of all of the defendants because his caseworker refused to give them to him. *Id*. at 21.

Mr. Johnson describes a situation where there was toilet water on the range and dinner trays were pushed on carts through the toilet water and passed out to inmates. ECF 1 at 4-5. He says Lieutenant When gave him a squeegee and ordered him to push the toilet water from the range. *Id*. Mr. Johnson asserts he was later locked in a contaminated cell on the range and Lieutenant When would not allow him to shower because the range was flooded. *Id*. at 5. He also could not clean his cell. *Id*. Mr. Johnson does not provide even an estimation of when these events occurred.

Mr. Johnson describes another incident where his cell was very cold, there was ice on one cell window, he did not have any extra blankets, and he was in an area where the doors were frequently opened and closed, causing his cell to be extremely cold. *Id*. He does not provide either an estimation of when this occurred or the name of the defendant he is suing.

Mr. Johnson next describes an incident when he heard a neighboring inmate tell Sergeant Stovall he was going to hang himself if he could not get out of his cell. *Id*. at 6. He asked Sergeant Stovall to take the inmate out for recreation, but Sergeant Stovall told him the inmate had refused recreation time. *Id*. Mr. Johnson later checked on the inmate and threw cold water on him to see if he was conscious. *Id*. at 7. The inmate ultimately hanged himself from the shelf in his cell. *Id*. He claims Sergeant Stovall should have done something to help the inmate. *Id*. at 8. Mr. Johnson provides no estimate of when this event occurred, or why he has standing to bring it.

Mr. Johnson describes an occasion when he was sleeping, and he felt something pinch his right eye lid twice. *Id*. at 8. He woke up to find a rat or mouse on his shoulder.

5

*Id*. at 8-9. He was taken to the medical unit where his eye was treated with antibiotics. *Id*. at 9. Mr. Johnson says there have also been other times where mice have crawled into his bed. *Id*. Mr. Johnson again provides no date, no estimated timeframe, and no indication of which of the thirteen defendants he believes is liable to him for this injury.

Another incident involved a worm crawling in Mr. Johnson's head while he was sleeping. *Id* at 10. He initially felt pressure in his eardrum and could see what looked like a large vein coming out of his jaw going down his neck over his collar bone and zigzagging down his chest to his left side. *Id*. at 10-11. Mr. Johnson has complained of tape worms since 2015. *Id*. at 11. More recently, he believes tape worms laid eggs in his head, but Mr. Johnson does not provide a date or estimated timeframe of when this occurred. Nor does he identify which defendant or defendants he believes are liable to him for this injury.

Mr. Johnson next describes a situation when he was moved to disciplinary segregation and had to scrub his cell for days to get rid of the smoke, roaches, and contraband. *Id*. at 9. He says after he cleaned his cell, he was moved to another contaminated cell and had to wrap his hand in plastic wrap to clean the toilet because there were no cleaning supplies for him to use. *Id*. at 9-10. Mr. Johnson reported the situation to Sergeant Haskell, but he did nothing to help him. *Id*. at 10. No date or estimated timeframe is provided by Mr. Johnson.

Furthermore, Mr. Johnson describes incidents when there were multiple fires—as many as 50—in one month at ISP. *Id*. at 13. However, despite his requests, he was not removed from the areas where the fires were burning and, as a result, has now developed

breathing problems. *Id*. Mr. Johnson has provided neither a date nor timeframe for these events.

Mr. Johnson asserts that, at some unknown point in time, he suffered from severe pain and Sergeant Stovall denied him medical care by refusing to call a signal. *Id*. at 11-12. Mr. Johnson also asserts he was subjected to excessive force at an unknown point in time when either Sergeant Allman or Lieutenant Wilson, who has not been named as a defendant in this case, put a bazooka gun in his face and tightened his handcuffs when he was being escorted to a cell. *Id*. at 17-18.

Mr. Johnson alleges his legal materials and property were either misplaced or stolen. *Id*. at 19-20. He does not indicate when this occurred or who he believes is responsible for the loss. However, even if he had identified a timeframe and defendant, he could not proceed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See*

7

*Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, Mr. Johnson has not stated a claim.

As a final matter, because Mr. Johnson has not linked particular defendants to most of his allegations, it is not possible to know for sure, but it appears that many of the claims outlined above are not related to one another. "Unrelated claims against different defendants belong in different suits." *George*, 507 F.3d at 607; s*ee also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Mr. Johnson is cautioned that unrelated claims belong in separate lawsuits, each of which requires he pay the filing fee, either in advance or over time. Because these claims are unrelated to the one on which Mr. Johnson has been granted leave to pursue today, the court dismisses them. *See* Fed. R. Civ. P. 21.

For these reasons, the court:

(1) GRANTS Brandon Lee Johnson leave to proceed against Sergeant Haskell and Sergeant Stovall in their individual capacities for compensatory and punitive damages for knowingly leaving him in a cell contaminated with feces for at least two days beginning on April 20, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Ron Neal, Commissioner, Board of Health, Supervisor Tibbiles, Captain Dustain, Captain Itodo, Lieutenant Gordon, Lieutenant When, Counselor Todd Marsh, Caseworker Siuda, and Sergeant Allman;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Haskell and Sergeant Stovall

at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Haskell and Sergeant Stovall to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed on in this screening order.

SO ORDERED.

March 14, 2022                                                     *s/ Damon R. Leichty*
                                                                              Judge, United States District Court