UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

        v.                                     CAUSE NO. 3:21-CV-517-DRL-MGG

HASKELL *et al.*,

    Defendants.

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, is proceeding in this case "against Sergeant Brandon Stovall and Sergeant Larry Haskell in their individual capacities for compensatory and punitive damages for knowingly leaving him in a cell contaminated with feces from April 20, 2021, to May 3, 2021, in violation of the Eighth Amendment." ECF 33 at 13. The defendants filed a motion for summary judgment, arguing Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit. ECF 42. Mr. Johnson filed a response, and the defendants filed a reply. ECF 53, 55. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Mr. Johnson's grievance records. To fully exhaust a grievance, an inmate is required to complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 43-1 at 2; ECF 43-2 at 3. The grievance office received two grievances from Mr. Johnson related to

2

his alleged cell conditions, but Mr. Johnson did not fully exhaust either grievance. ECF 43-1 at 5; ECF 43-4; ECF 43-5.

First, on April 21, 2021, Mr. Johnson submitted Grievance 126699, complaining his cellhouse hadn't been mopped in months, the food carts were dirty, and he hadn't been offered a toilet brush to clean his toilet. ECF 43-1 at 5; ECF 43-4 at 3. He requested as relief that a procedure be put in place to ensure food trays were not contaminated and he be given a toilet brush, cleaning supplies, and gloves. ECF 43-4 at 3. On July 8, 2021, the grievance office denied Grievance 126699 on its merits, stating his cellhouse was mopped each shift and he should speak to his unit lieutenant about obtaining items like a toilet brush. ECF 43-1 at 6; ECF 43-4 at 1. The grievance office's response to Grievance 126699 was mailed to Mr. Johnson on July 8, and he had five business days to appeal that response. ECF 43-1 at 7; ECF 43-2 at 12 (an appeal form "shall be submitted to the Offender Grievance Specialist within five (5) business days after the date of the grievance response"). However, Mr. Johnson waited until July 29, 2021 to sign and return the grievance office's response to Grievance 126699. ECF 43-1 at 7; ECF 43-4 at 1. Because Mr. Johnson did not timely appeal the grievance office's response to Grievance 126699, and did not include any explanation for why his appeal was late, the grievance office rejected Mr. Johnson's appeal attempt as untimely. *Id.*

Second, on May 5, 2021, before Mr. Johnson received a response to his April 21 grievance, he submitted a second grievance complaining his cellhouse needed to be mopped and his toilet needed to be cleaned. ECF 43-1 at 6; ECF 43-5 at 2-3. On May 24, 2021, the grievance office rejected Mr. Johnson's May 5 grievance as duplicative of

3

Grievance 126699. ECF 43-1 at 6; ECF 43-5 at 1. Mr. Johnson had an opportunity to correct and resubmit his May 5 grievance within five business days, but did not do so. ECF 43-1 at 6; ECF 43-2 at 10 ("It shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender").

Thus, the defendants have provided evidence Mr. Johnson submitted two relevant grievances but did not fully exhaust either grievance. In his response, Mr. Johnson advances three arguments.

First, he says his administrative remedies were unavailable because he submitted grievances to his counselor complaining about Sergeant Stovall and Sergeant Haskell, but Sergeant Haskell "attempted to destroy the grievances." ECF 53-1 at 3-4. Similarly, he argues his administrative remedies were unavailable because his grievances were "lost, destroyed, or forgotten by the prison staff." *Id.* at 5. However, it is undisputed the grievance office received and responded to both of Mr. Johnson's grievances. To the extent Mr. Johnson argues he submitted other grievances for which he received no receipt or response from the grievance office, the Offender Grievance Process required Mr. Johnson to notify the Grievance Specialist of that fact and retain a copy of the written notice. ECF 43-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to

4

the offender's notification within ten (10) business days."). Because Mr. Johnson provides no evidence he did so, he still had available remedies he did not exhaust.

Second, Mr. Johnson argues he fully exhausted Grievance 126699 because he was moved out of his cell after filing the grievance, which resolved the grievance in his favor. ECF 53-1 at 4. However, the grievance office responded to Grievance 126699 not by moving Mr. Johnson out of his cell, but by denying his requested relief and informing him staff mopped the range once per shift and he should speak to his unit lieutenant about getting cleaning items. ECF 43-4 at 1. The fact Mr. Johnson was later moved from his cell and no longer needed the remedy he requested in his grievance did not excuse his need to fully exhaust the grievance. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) (there is no futility exception to the exhaustion requirement; exhaustion is mandatory "regardless of the relief offered through administrative procedures").

Third, Mr. Johnson argues he was prevented from timely appealing the grievance office's response to Grievance 126699 because he did not receive the response in the mail until July 29, 2021, after the time to appeal already had expired. ECF 54 at 5. However, as noted by the Grievance Specialist, Mr. Johnson had a chance to explain why his appeal attempt was late, but did not provide any such explanation. ECF 43-1 at 7; ECF 43-2 at 14 ("If there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames, the offender must document and submit the reason for the delay on a separate piece of paper with signature and date, and include with the appropriate appeal form or make a request for the specific form to the Offender Grievance Specialist for review."). Because Mr. Johnson didn't offer any explanation for

why his appeal was late, the Grievance Specialist properly rejected his appeal as untimely.

Accordingly, because the undisputed facts show Mr. Johnson didn't fully exhaust any grievance related to his claims in this lawsuit, and Mr. Johnson provides no evidence his administrative remedies were unavailable, the defendants have met their burden to show Mr. Johnson didn't exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 42); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Brandon Lee Johnson and to close this case.

SO ORDERED.

January 16, 2024      *s/ Damon R. Leichty*
                      Judge, United States District Court