UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE JOHNSON,

    Plaintiff,

    v.                                     CAUSE NO. 3:21-CV-517-DRL-MGG

HASKELL *et al.*,

    Defendants.

## OPINION AND ORDER

Brandon Lee Johnson, a prisoner without a lawyer, moves the court for reconsideration from its order granting summary judgment in favor of the defendants. ECF 66.[1] The court granted summary judgment in favor of the defendants because the undisputed facts showed Mr. Johnson didn't exhaust his administrative remedies before filing this lawsuit. ECF 57. Specifically, the court concluded the undisputed facts showed Mr. Johnson didn't appeal the grievance office's denial of Grievance 126699, and instead submitted a second grievance which was properly rejected as duplicative. *Id.* at 3-4. Additionally, the court rejected Mr. Johnson's arguments that (1) he fully exhausted Grievance 126699 because he received the relief he requested, and (2) his administrative remedies were unavailable because prison staff destroyed or lost his grievances. *Id.* at 4-5.

---

[1] Based on the timing of Mr. Johnson's motion for reconsideration, it is unclear whether it should be construed as a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Out of an abundance of caution, the court will consider Mr. Johnson's motion for reconsideration under both standards.

In his motion for reconsideration, Mr. Johnson reiterates his arguments that (1) he fully exhausted Grievance 126699 because he received the relief he requested, and (2) prison staff destroyed or lost his grievances. ECF 66 at 4-5, 7-11. But the court already considered and rejected these arguments in its summary judgment order. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion"). Mr. Johnson also argues for the first time that his second grievance was improperly rejected as duplicative. ECF 66 at 4-5, 10. But he could have raised this argument in his response to the summary judgment motion. *See King v. Ford Motor Co.*, 872 F.3d 833, 838–39 (7th Cir. 2017) (arguments which "could have been submitted along with [the] response to the motion for summary judgment [are] not properly presented for the first time in a motion for reconsideration"). Thus, Mr. Johnson has not provided any argument that warrants reconsideration of the court's order granting summary judgment in favor of the defendants.

For these reasons, the motion to reconsider (ECF 66) is DENIED.

SO ORDERED.

March 29, 2024             *s/ Damon R. Leichty*
                                        Judge, United States District Court

2